IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mack Glenn, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> Officer C. Wlashcin, in his individual and official capacity, <br><br> Defendant. | C/A No.: 3:11-430-JFA-SVH <br><br><br> REPORT AND RECOMMENDATION |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action against Officer Wlashcin ("Defendant") of the Lexington County Sheriff's Department alleging violations of 42 U.S.C. § 1983.[1] Before the court is Defendant's Motion for Summary Judgment [Entry #25]. All pretrial proceedings in this matter have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for review by the district judge.

I.  Factual and Procedural Background

On October 1, 2008, Defendant was dispatched to A-1 Wrecker Service ("A-1") after its employee, Tony Seyfer ("Seyfer"), called the Lexington County Sheriff's Department to report possible stolen property. [Entry #1 at 3; Entry #25-3 at 1]. Seyfer

---

[1] Although Plaintiff is an inmate incarcerated at Manning Correctional Institution, his incarceration is not related to the § 1983 claim at issue in this case.

informed Defendant that on September 23, 2008, A-1 had towed a Ford F700 truck with an attached trailer carrying a green Plymouth Caravan. [Entry #1 at 3; Entry #25-3 at 1-2]. The trailer had a bolted metal plate where the VIN plate should have been located and did not have a license tag. In light of Seyfer's suspicion, Defendant ran the VIN plate for the van through the National Crime Information Center, but the property had not been reported as stolen. *Id*. Upon Seyfer's request, Defendant contacted Plaintiff and informed him of the outstanding service and storage bills associated with his property. *Id.* Plaintiff indicated that he disputed the charges and, according to Plaintiff's complaint, Defendant informed Plaintiff he could file a complaint in Magistrate Court. [Entry #1 at 3]. Having found no evidence of criminal activity, Defendant conducted no further inquiry into the matter.

In his complaint, Plaintiff appears to be suing Defendant based on his alleged failure to prevent Seyfer from "seizing" Plaintiff's property and failure "to maintain and enforce[] the law." [Entry #1 at 4]. Plaintiff seeks damages in the amount of the outstanding towing and service fees, the cost of loss of use of the property for three months, insurance payments, and unspecified punitive damages. *Id*. at 4-5.

Defendant filed his motion for summary judgment on October 20, 2011. [Entry #25]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #26]. Plaintiff filed a timely response in opposition to Defendant's motion. [Entry #28]. Having carefully considered the parties' submissions and the record in this case, the court recommends granting

Defendant's motion for summary judgment.

II.  Discussion

   A.  Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the

development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Analysis

Defendant argues that Plaintiff has failed to set forth a constitutional violation entitling him to relief pursuant to 42 U.S.C. § 1983. The undersigned agrees. It is undisputed that Plaintiff's vehicle was towed by A-1 on September 23, 2008. *See* Compl. at 3 [Entry #1]. There is no evidence in the record indicating Defendant was aware of the towing or directed A-1 to tow the vehicle on September 23, 2008. The only evidence in the record indicates Defendant first became involved on October 1, 2008, when he was dispatched to investigate suspicion of stolen property. *Id.*; *see also*, Wlaschin Aff. at ¶ 4 [Entry #25-3]. Therefore, to the extent Plaintiff claims Defendant "ordered the A-1 wrecker service to seize the plaintiff's property assuming that a crime had taken place," (Pl.'s Resp. at 2), this contention is not supported by the allegations set forth in the complaint, the documents attached thereto, or any other evidence before the court. Therefore, Plaintiff has failed to show that Defendant seized his property or ordered a third party to seize the property.

To the extent that Plaintiff claims a violation of his constitutional right based on Defendant's failure to arrest Seyfer for failure to return Plaintiff's property, he cannot prevail. Plaintiff does not have a constitutional right to, or a judicially-cognizable interest

4

in, the criminal prosecution or non-prosecution of another person or entity. *See Leeke v. Timmerman*, 454 U.S. 83, 86–87 (1981). "The benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005). In the absence of allegations that criminal charges are being withheld solely for an illegally discriminatory reason, a private citizen may not bring suit under § 1983 based on the alleged failure of law enforcement or prosecuting authorities to charge or prosecute certain other private citizens criminally. *See Doe v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 170-71 (4th Cir. 2010). Therefore, Plaintiff has not set forth evidence of a constitutional violation.

Additionally, to the extent Defendant is sued for money damages in his official capacity, he is entitled to Eleventh Amendment immunity. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment, . . . neither a State nor its officials in their official capacity may be sued for damages in federal court without their consent." *Gamache v. Cavanaugh*, 82 F.3d 410, 1996 WL 174623 at *1 (4th Cir. 1996). The Supreme Court has held that "it has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agencies and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S.

425, 429 (1997). To the extent that Plaintiff is suing Defendant in his official capacity for damages, he is entitled to summary judgment and cannot constitute a "person" under § 1983 in that capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Gulledge v. Smart*, 691 F.Supp. 947, 954–55 (D.S.C. 1988) (holding sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities). Therefore, Defendant is also entitled to summary judgment to the extent he is sued for monetary damages in his official capacity, as such claims are not cognizable in federal court.

III.   Conclusion

For the foregoing reasons, it is recommended that Defendant's motion for summary judgment [Entry #25] be granted and this case be dismissed with prejudice. The undersigned declines Defendant's invitation to recommend a strike be entered against Plaintiff pursuant to the Prison Litigation Reform Act.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

February 14, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).